Henry Ford BALLARD, Petitioner,

v.

Michael BURRAGE, District Judge, Respondent,

Rita Maxwell, Real Party in Interest.

No. 96–720.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1996.

Before KELLY and MURPHY, Circuit Judges.

## ORDER

Before the court is petitioner's petition for a writ of mandamus. Petitioner seeks an order from this court directing the Honorable Michael Burrage to consider and decide case No. 95–CV–535–B, pending in the Unit-

ed States District Court for the Eastern District of Oklahoma.

■ Petitioner's application to proceed in forma pauperis is granted to the extent set forth below. Petitioner is responsible for the full amount of the docketing fee, which is $100.00. 28 U.S.C. § 1915(b)(1). Under the statute, "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint...." *Id.*

Petitioner's custodian shall forthwith pay on his behalf the partial docketing fee calculated under the statute. After payment of the initial partial docketing fee, petitioner shall make monthly payments of twenty percent of the previous month's income credited to his custodial account to the clerk of this court, until the full docketing fee is paid. "Income" means all amounts deposited to the custodial account from whatever source. Petitioner's custodian shall forward a payment each time the amount in petitioner's account exceeds $10. Payment shall be by check or money order made payable to the clerk of this court. A copy of this order must accompany each remittance.

Petitioner shall cooperate fully with his custodian in arranging the disbursements, including but not limited to providing any authorization required by the custodian or any future custodian to disburse funds from his account. Should petitioner fail to cooperate with the custodian as set forth herein, he will be prohibited from making any further filings with this court, until the docketing fee is paid in full, except for such filings authorized by 28 U.S.C. § 1915(b)(4). The clerk of this court is directed to serve the appropriate custodian.

Upon consideration, the petition for writ of mandamus is denied. The case has not been pending for such an unreasonable time as to warrant mandamus relief. *See Johnson v. Rogers,* 917 F.2d 1283 (10th Cir.1990).