UNITED STATES COURT OF APPEALS

Filed 12/20/96

TENTH CIRCUIT

---

ANDRES FERRER,

      Plaintiff-Appellant,

vs.

MICHAEL E. DAILEY, Attorney;
MICHAEL E. DAILEY &
ASSOCIATES, A Missouri Corporation;
MICHAEL G. CHRISTENSEN, Assistant
U.S. Attorney at Wichita; LEON J.
PATTON, Assistant U.S. Attorney at
Wichita,

      Defendants-Appellees.

No. 96-3155
(D.C. No. 96-3090-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before SEYMOUR, KELLY and LUCERO, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Mr. Ferrer, an inmate incarcerated in Springfield, Missouri who appears pro se, appeals from the dismissal of his action against his former defense attorney, the attorney's law firm and two assistant United States attorneys. He also moves for leave to proceed on appeal without prepayment of costs or fees. 28 U.S. C. § 1915(a). The notice of appeal in this case was filed April 25, 1996. Mr. Ferrer's motion was supplemented by a certified trust fund statement reflecting more than enough money to pay the filing fee and an authorization for the agency holding him to disburse his funds for payment of our filing fee. See 28 U.S.C. § 1915(a)(2), (b)(1). Therefore, we GRANT his motion to the extent that we decide the case now, but direct the clerk to collect the entire filing fee. See Ballard v. Burrage, 97 F.3d 382 (10th Cir. 1996); In re Procedures Regarding the Prison Litigation Reform Act and the Antiterrorist and Effective Death Penalty Act, Emergency General Order at 2 (10th Cir. Oct. 1, 1996) (available on Westlaw, 1996 US Order 96-41) ("If the prisoner has sufficient funds, the entire filing fee shall be assessed immediately.").

Turning to the merits, the complaint in this case is for legal malpractice and civil conspiracy founded on diversity jurisdiction, 28 U.S.C. § 1332. Perhaps relying on the motion to proceed in forma pauperis which recites that the nature of this action is one for "civil rights conspiracy," R. doc. 1 at 1, the district court analyzed the case as arising under § 1983. Regardless, the district court's dismissal of the action must be affirmed. 28 U.S.C. § 1915(e)(2).

Complete diversity is essential for diversity jurisdiction.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  It appears from the complaint that complete diversity does not exist.  For purposes of diversity jurisdiction, when an inmate has been forcibly incarcerated in another state, the state of citizenship "should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state."  Singletary v. Continental Ill. Nat'l Bank & Trust Co., 9 F.3d 1237, 1238 (7th Cir. 1993); Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991).  Given this rule, the allegations in the complaint suggest that Mr. Ferrer should be considered a citizen of Kansas, although he is incarcerated in Missouri.  His complaint names several Kansas Defendants (as well as Missouri Defendants), and the Kansas Defendants defeat diversity.  Leave to amend to cure the jurisdictional problem (if it can be cured) would be futile as discussed below..

Briefly, Plaintiff alleges that he was not properly advised concerning the double jeopardy implications of a civil forfeiture subsequent to a guilty plea and that Defendants conspired to deprive him of double jeopardy protection.  Mr. Ferrer's theory is no longer viable.  See United States v. Ursery, 116 S. Ct. 2135, 2149 (1996) (in rem civil forfeitures are not punishment under the Double Jeopardy Clause).  Moreover, we agree with the district court that the prosecutors would be protected by absolute prosecutorial immunity for their actions in negotiating the plea and an in rem forfeiture agreement with Mr. Ferrer.  See Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993) ("We have not

- 3 -

retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990), cert. denied, 499 U.S. 976 (1991).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge